**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Darlene Williams, et al., | ) | No. CV-10-8080-PCT-FJM |
| Plaintiffs, | ) | **ORDER** |
| vs. | ) | |
| Elroy Naswood, United States, | ) | |
| Defendants. | ) | |

The court has before it defendant United States' motion to dismiss (doc. 15), plaintiffs' response (doc. 18), and the United States' reply (doc. 20).

This action was filed by Darlene Williams on behalf of herself and the estate of her deceased son, Brett Williams. The complaint alleges that defendant Elroy Naswood, a tribal officer with the Navajo Police Department, responded to a domestic disturbance call at the Williams' home. When Officer Naswood arrived at the scene a fight ensued between Officer Naswood and Brett Williams, which ended in Officer Naswood shooting and killing Mr. Williams. Plaintiffs filed this wrongful death action against Officer Naswood and the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680.

It is well settled that the United States is immune from lawsuits except to the extent

1  that it consents to be sued. FDIC v. Meyer, 510 U.S. 471, 475, 114 S. Ct. 996, 1000 (1994).
2  The FTCA waives the United States' sovereign immunity with respect to certain intentional
3  torts of federal law enforcement officers. 28 U.S.C. § 2680(h). The Act defines a federal
4  law enforcement officer as "any officer of the United States who is empowered by law to
5  execute searches, to seize evidence, or to make arrests for violations of Federal law." Id.
6  The parties agree a tribal police officer is not a "federal law enforcement officer" for
7  purposes of the FTCA unless the officer was commissioned by the Secretary of the Interior
8  with a Special Law Enforcement Commission ("SLEC") under the Indian Law Enforcement
9  Reform Act, 25 U.S.C. § 2804.

10  The United States submits a declaration from Dan Breuninger, the special agent in
11 charge of issuing SLECs on behalf of the Bureau of Indian Affairs, attesting that Tribal
12 Officer Naswood did not have an SLEC at the time of the incident and was not authorized
13 to execute searches, to seize evidence, or to make arrests for violations of federal law. Reply,
14 ex. A. In deciding an unenumerated Rule 12(b), Fed. R. Civ., motion based on the
15 affirmative defense of immunity, we may look to evidence beyond the complaint without
16 converting the motion into one for summary judgment. White v. Lee, 227 F.3d 1214, 1242
17 (9th Cir. 2000).

18  A review of the Breuninger declaration establishes that Officer Naswood did not hold
19 an SLEC at the time of the incident. Therefore, he was not a federal law enforcement officer
20 within the meaning of the FTCA. See 28 U.S.C. § 2680(h). Accordingly, there is no
21 applicable waiver of sovereign immunity.[1]

22  **IT IS ORDERED GRANTING** the United States' motion to dismiss (doc. 15).
23 Because the undisputed facts preclude liability, the dismissal of the case against the United

---

[1] The parties dispute whether the plaintiff must also show that the tribal officer was enforcing federal law at the time of the alleged tort in order to establish a waiver of sovereign immunity. We need not decide that issue, however, because we conclude that Officer Naswood did not hold an SLEC, and therefore he was not acting as a federal law enforcement officer.

- 2 -

1 States is with prejudice. See Gadda v. State Bar of Calif., 511 F.3d 933, 939 (9th Cir. 2007).

2 DATED this 14th day of March, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge